Joseph G. Muzic, Jr., Esquire
Moyles Muzic Law
20 Erford Rd., Suite 212
Lemoyne, PA 17043
(717) 233-5400
(717) 233-5402 fax
jmuzic@moyleslaw.com
Attorney I.D. No. 55919
Attorney for Plaintiff

| Amy B. Merchant | : | IN THE UNITED STATES DISTRICT COURT |
|---|---|---|
| Plaintiff | : | for the |
| | : | MIDDLE DISTRICT OF PENNSYLVANIA |
| v. | : | CIVIL ACTION – LAW |
| First UNUM Life Insurance Co. | : | NO. _____ |
| Defendant | : | |
| v. | : | |
| ITT Industry Holdings Inc. | : | |
| Defendant | : | |

## **COMPLAINT**

1. Plaintiff Amy B. Merchant is an adult citizen of the Commonwealth of Pennsylvania and resides at 52 N. Wilson Ln., Hellam PA 17406.

2. Defendant First UNUM Life Insurance Co. (hereinafter "UNUM") is a corporation authorized to transact insurance business in the Commonwealth of Pennsylvania with its principal place of business located at 666 3rd Avenue, Suite 301, New York, New York 10017.

3. Defendant ITT Industry Holdings, Inc. (hereinafter "ITT") at all relevant times was the employer of Plaintiff which provided Long Term Disability Benefits under an ERISA

plan. (hereinafter "The Plan"). Defendant ITT corporate agent is located at 1209 Orange St., Wilmington DE 19801.

4. Jurisdiction in this matter is based on the Employee Retirement Income Security Act of 1974, more specifically, 29 U.S.C. Section 1132(e).

5. Plaintiff was previously employed by Defendant ITT for approximately 19 years with her latest position listed as a "Lean Technician."

6. As an employee of Defendant ITT plaintiff was enrolled in The Plan that was sponsored and administered by Defendant ITT.

7. The Plan was funded by a policy of insurance underwritten by Defendant UNUM. Defendant UNUM is also administrator of The Plan which grants Defendant UNUM full discretion and authority to determine the eligibility for benefits and to construe and interpret all terms and provisions of The Plan. ( See copy of policy attached as Exhibit "A").

8. Plaintiff ceased work effective March 13, 2020 due to a number of causes including, but not limited to, gastrointestinal pain and irritable bowel syndrome with intractable nausea/vomiting, uncontrolled diabetes mellitus, chronic kidney disease, congestive heart failure, hypertension, anxiety and depression. Plaintiff became eligible for long term disability benefits as of October, 2020. Plaintiff's claim for long term disability benefits has been denied.

9. On August 31, 2020 plaintiff underwent a Functional Capacity Evaluation ordered by her principal care physician, Caitlin A. Basile, MD.

10. As a result of the examination performed at the Lancaster Health Pavilion of Penn Medicine/LGH, the Primary Evaluator of the procedure arrived at the following conclusion:

> "Based on the client's subjective description of the work as an inspector at ITT, Ms. Merchant's demonstrated tolerances are less than the required demands Based on an eight hour work day unless otherwise stated."

11. Dr. Basile, in a September 2, 2020 report concluded, "Based on this testing, Amy is unable to return to work indefinitely."

12. According to an evaluation by Defendant UNUM, the job performed by Plaintiff is considered a "medium" level occupation.
13. UNUM notified Plaintiff that they determined that Plaintiff was not continuously disabled from performing her occupation during the "elimination" period. Plaintiff timely appealed that decision. In a July 8, 2021 letter UNUM re-affirmed their prior decision denying benefits.

### **COUNT I – ERISA**

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.
15. The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132(a)(1)(B) enables Plaintiff to recover benefits due to her under the Plan sponsored/administered/insured by the respective Defendants.
16. Plaintiff has satisfied any and all of the conditions and covenants and performed all things required of him under the Plan.
17. Under the Plan, the ELIMINATION PERIOD means a period of continuous disability which must be satisfied before you are eligible to receive benefits from UNUM
18. In the letter upholding the denial of benefits Defendant solely relies on a UNUM form executed by a CRNP in plaintiff's gastroenterologist office stating that plaintiff had no disabling gastrointestinal issues. The letter does not list any basis for that opinion.
19. Plaintiff is physically not capable of working in any capacity.
20. Plaintiff submits that the following acts and/or admissions on the part of Defendant prior to the final decision denying benefits under the Plan constitutes an arbitrary and capricious decision by Defendant:
    a. Selective interpretation of medical reports; and
    b. Misinterpreting and/or misstating diagnostic test results;

21. Defendant's arbitrary and capricious decision in terminating benefits to Plaintiff constitutes a violation of ERISA.
22. As a result of Defendant's denial of benefits under the Plan, Plaintiff has been deprived of the income and benefits afforded under the Plan.

23. As a result of Defendant's denial of benefits, Plaintiff has incurred attorney's fees and costs to enforce his rights under the Plan.

WHEREFORE, Amy B. Merchant requests this Honorable Court to enter judgment in her favor and against Defendants and requests the following:

    a. Compensatory damages for long-term disability benefits from April 27, 2020 to the date of Judgment, plus interest on the award;

    b. Attorney's fees and expenses; and

    c. A declaratory judgment that Plaintiff is entitled to receive benefits under the Plan, going forward until such time that Plaintiff is entitled to receive said benefits under the Plan.

MOYLES MUZIC LAW

Date: 9/27/22

Joseph G. Muzic, Jr. Esq.
Attorney for Plaintiff